NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LOLITA BARTHEL,                           )
                                          )
          Appellant,                      )
                                          )
v.                                        )     Case No. 2D13-2817
                                          )
STATE OF FLORIDA,                         )
                                          )
          Appellee.                       )
                                          )
_____   )

Opinion filed May 15, 2015.

Appeal from the Circuit Court for
Hillsborough County; William Fuente,
Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.


NORTHCUTT, Judge.

          Lolita Barthel was convicted of first-degree murder and other crimes in

Hillsborough County Circuit Court case number 95-011397. She was sentenced to life

imprisonment for the murder conviction and for her convictions for armed burglary of a

dwelling with battery and armed robbery. Barthel sought resentencing under Miller v.

Alabama, 132 S. Ct. 2455 (2012). The court denied her motion, opining that Miller did not apply retroactively to cases that were final before it was decided.

The Florida Supreme Court has now determined that Miller indeed does apply to convictions and sentences that were final before it issued. Falcon v. State, 40 Fla. L. Weekly S151 (Fla. Mar. 19, 2015); see also Toye v. State, 133 So. 3d 540 (Fla. 2d DCA 2014). Therefore, we reverse the circuit court's order and we remand with directions that it conduct a resentencing proceeding for Barthel's homicide conviction, applying the principles of chapter 2014-220, Laws of Florida. See Horsley v. State, 40 Fla. L. Weekly S155, S160 (Fla. Mar. 19, 2015).

The circuit court's ruling addressed only Barthel's sentence for the homicide conviction. As we noted above, she was also sentenced to life imprisonment for other crimes in the same case. She asks us to order resentencing proceedings for those convictions as well, relying on Graham v. Florida, 560 U.S. 48 (2010). But we must decline that request because we find no record indication that she moved for resentencing under Graham. However, on remand Barthel is free to file a motion seeking Graham resentencing for her nonhomicide life sentences. We offer no opinion on the merits of such a motion.

Reversed and remanded with directions.

SILBERMAN and MORRIS, JJ., Concur.